
Catherine Cabalo, Esq. (CA Bar No. 248198)
Peiffer Wolf Carr & Kane
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: 415.766.3592
Facsimile: 415.402.0058
Email: ccabalo@pwcklegal.com

*Attorneys for Plaintiff*
*Gerardo Hernandez*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>BETTY J. CHAVES TRUST; MAMA COCO LLC; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.<br><u>Civil Rights</u><br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**<br><br>1. Violations of Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 *et seq.*)<br><br>2. Violations of the California Unruh Act (Cal. Civil Code § 51 *et seq.*) |

COMES NOW Plaintiff GERARDO HERNANDEZ (sometimes "Plaintiff" or "Mr. Hernandez") on behalf of himself and all other similarly situated disabled and associated persons in this civil rights action, and hereby complains of defendants BETTY J. CHAVES TRUST; MAMA COCO, LLC; and DOES 1-10 (together "Defendants") as follows:

**INTRODUCTION**

1. This is a civil rights action involving the lack of disabled access to the building, structure, facility, complex, property, land, development, and/or surrounding

business complex known as "Mama Coco Cocina Mexicana," located at or about: 1081 El Camino Real, Menlo Park, California 94025 (hereinafter the "Restaurant").

2. Plaintiff GERARDO HERNANDEZ is mobility disabled and requires the use of a wheelchair.

3. Defendants' policies and lack of accessible facilities deny "full and equal" access required by Title III of the Americans with Disabilities Act of 1990 and supplementary State civil rights laws. As a result, Plaintiff has been continuously denied full and equal access and/or deterred from visiting the Restaurant during the two years preceding the filing of this Complaint (and earlier), has been embarrassed and humiliated, and suffered damages. Plaintiff seeks damages and injunctive relief requiring provision of access under the Americans with Disabilities Act of 1990 ("ADA") and injunctive relief for full and equal access and statutory damages under California law. Plaintiff also seeks declaratory relief and recovery of reasonable statutory attorney fees, litigation expenses and costs under federal and state law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this action pursuant to 28 USC § 1331 for violations of the ADA, 42 USC §§ 12101 *et seq*. Pursuant to supplemental jurisdiction, attendant and related causes of action arising from the same facts are also brought under the Unruh Civil Rights Act, California Civil Code §§ 51, 52.

5. Venue is proper in this court pursuant to 28 USC § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this District and that Plaintiff's causes of action arose in this District.

6. This case should be assigned to the San Jose Division of the Northern District of California, as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

## PARTIES

7. At all times relevant to this Complaint, Plaintiff is qualified as a "person with a disability," within the meaning of the ADA and Unruh Civil Rights Act. Mr. HERNANDEZ's disabilities, including paraplegia, require him to use a wheelchair for mobility. He possesses a disabled parking placard and/or license plate issued by the State of California, entitling him to park in designated accessible and van-accessible parking spaces.

8. Defendants are the owners, operators, lessors, and lessees, of the businesses, properties, facilities, and/or portions of the Restaurant, located at or about 1081 El Camino Real, Menlo Park, California 94025.  Upon information and belief, defendant BETTY J. CHAVES TRUST owns the subject property and defendant MAMA COCO, LLC owns and operates the Restaurant.

9. Upon information and belief, the Restaurant has gone through several renovations since its opening.

10. The true names or capacities, whether individual, corporate, associate, or otherwise of defendants DOES 1-10 are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants is in some manner legally responsible for the events and happenings herein referred to, which caused injury and

damages to Plaintiff as herein alleged. Plaintiff prays leave of court to amend this Complaint to show such true names and capacities when the same have been ascertained.

11. Plaintiff is informed and believes, and on such information and belief alleges, that at all times mentioned herein, Defendants, and each of them, were the agents, servants, employees, and representatives of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity, and/or as part of a joint venture and common enterprise with one or more of the other Defendants, and are responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein. All actions alleged herein were done with the knowledge, consent approval and ratification of each of the Defendants herein, including their managing agents, owners, and representatives.

## FACTUAL ALLEGATIONS

12. The Restaurant and its facilities, including but not limited to its entrances/exits, parking, seating, interior paths of travel, and restrooms are each a "public accommodation" and part of a "business establishment," subject to the requirements of multiple categories of § 301(7) of the ADA (42 U.S.C. § 12181(7)), and of California Civil Code §§ 51 *et seq*. On information and belief, the Restaurant and its facilities have, since January 26, 1993, undergone construction, alterations, structural repairs, and/or additions, subjecting the facility to disabled access requirements of § 303 of the ADA (42 U.S.C. § 12183). Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations. Irrespective of the Restaurant's

construction and alteration history, removal of the access barriers at the subject premises are subject to the "readily achievable" barrier removal requirements of Title III of the ADA.

13. Defendants knowingly and intentionally have denied persons with mobility disabilities the full and equal enjoyment of their businesses, services, privileges, advantages, and accommodations – all in violation of the ADA and Unruh Civil Rights Act. Defendants have engaged in this discriminatory conduct despite the fact that Defendants' services, business practices, contracts, and contractual relationships could easily be brought into compliance with the ADA and the Unruh Civil Rights Act, and despite the fact that Defendants are and have been fully aware that their conduct and business practices were causing harm to persons with mobility disabilities including segregation and exclusion from public events.

14. Plaintiff has attempted to visit the Restaurant as a paying customer within the last two years and encountered numerous barriers (both physical and intangible) that interfered with, if not outright denied, his ability to use and enjoy the goods, services, privileges and accommodations offered at the Restaurant.

15. On November 13, 2018, Plaintiff went to the Restaurant to have lunch, enticed by the Restaurant's offer of delicious Mexican food from different parts of Mexico.

16. Plaintiff encountered difficulty finding parking, as the Restaurant had dedicated parking, but no accessible parking spaces.

17. Plaintiff found parking and entered the Restaurant. However, Plaintiff did not see accessible seating in the Restaurant, as the tables had pedestal bases that do not provide adequate knee space for a wheelchair user, and the bar area did not appear to have any accessible seats. In an effort to salvage his trip to the Restaurant, Plaintiff agreed to be seated at a table, and with difficulty, he made his best effort to utilize the table to have lunch.

18. While dining, Plaintiff attempted to use the men's restroom, but the restroom was too small for Plaintiff to enter with his wheelchair. In dire need to empty his bladder, he was forced to urinate in the parking lot near the Restaurant. Adding to his embarrassment, he had no way to wash his hands after he was done. Humiliated, Plaintiff closed his tab and left the Restaurant.

19. Plaintiff alleges continuous and ongoing discrimination. He has been injured by being deterred from visiting the Restaurant. He wants to – and plans to – return to the Restaurant, and he is frustrated and anxious for Defendants to remove barriers to access and provide reasonable modification in policies, practices, and procedures, as alleged herein, so that he may return to the Restaurant.

20. The barriers described above are only those that Plaintiff personally encountered. He is presently unaware of other barriers which may in fact exist at the Restaurant and relate to his disabilities. He may seek to amend this Complaint once such additional barriers are identified as it is his intention to have all barriers which exist at the Restaurant that limit full and equal access for persons with mobility disabilities removed.

21. Plaintiff alleges that it would be a futile gesture to provide further notices of violations relating to his continued, attempted visits and deterrence, which are certain to occur on a regular basis following the filing of this Complaint. Therefore, Plaintiff will seek to supplement this Complaint at the time of trial as to subsequent events, according to proof.

22. Defendants knew, or should have known, that these elements and policies rendered the Restaurant inaccessible, violate state and federal law, and interfere with and/or deny access to individuals with similar mobility disabilities. Upon information and belief, Defendants have the financial resources to remove these barriers without much difficulty or expense and make the Restaurant accessible to the physically disabled. To date, however, Defendants refuse to remove those barriers or to provide full and equal access to the Restaurant.

23. Plaintiff's goal in this suit is a positive one: to make the Restaurant fully accessible to persons with similar mobility disabilities.

**FIRST CLAIM:**
**VIOLATION OF THE ADA, TITLE III**
**[42 U.S.C. §§ 12101 *et seq.*]**

24. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Complaint and incorporate them herein as if separately repled.

25. In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals

with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous . . . ." 42 U.S.C. § 12101.

26. In passing the ADA, Congress stated as its purpose:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b).

27. The ADA defines "a qualified individual with a disability" as a person who suffers from a "physical or mental impairment that substantially limits one or more major life activities," including, but not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(1)(A), (2)(A). Plaintiff is a qualified individual with a disability as

defined in the ADA, as he has impairments that substantially limit one or more major life activities.

28. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities." 42 U.S.C. § 12181 *et seq.* The subject property and facility are among the "private entities" which are considered "public accommodations" for purposes of this title, which includes but is not limited to "a restaurant, bar, or other establishment serving food or drink," (see 42 U.S.C. § 12181(7)(B)).

29. The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182. The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

30. The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 CFR Part 36 *et seq.*

31. Plaintiff alleges on information and belief that the Restaurant was designed and constructed (or both) after January 26, 1993 – independently triggering access requirements under Title III of the ADA. The ADA prohibits designing and constructing facilities for first occupancy after January 26, 1993 that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1). Here, Defendants violated the ADA by designing and/or constructing the Restaurant in a manner that did not comply with federal and state disability access standards even though it was practicable to do so.

32. The removal of each of the barriers complained of by Plaintiff as herein alleged, were at all times herein mentioned "readily achievable" under the standards §§ 12181 and 12182 of the ADA.  As noted throughout this Complaint, removal of each and every one of the architectural barriers complained of herein was also required under California law. Plaintiff alleges on information and belief that the Restaurant was modified after January 26, 1993. Any alterations, structural repairs or additions since January 26, 1993 have independently triggered requirements for removal of barriers to access for disabled persons per § 12183 of the ADA.  If removal of any physical barrier is

found to be "not readily achievable," Defendants still violated the ADA, per § 12182(b)(2)(A)(v), by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

33. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii). Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Restaurant, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, and accommodations to persons with mobility disabilities similar to Plaintiff.

34. On information and belief, as of the date of Plaintiff's encounters with the Restaurant and as of the filing of this Complaint, the subject premises have denied and continue to deny full and equal access to Plaintiff and to other similarly mobility disabled persons in other respects, which violate Plaintiff's rights to full and equal access and which discriminate against him on the basis of his disability, thus wrongfully denying to him the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §§ 12182 and 12183 of the ADA. 42 U.S.C. §§ 12182 and 12183.

35. Pursuant to the ADA, 42 U.S.C. 12188 *et seq.*, Plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as he is being subjected to discrimination based on disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination. Pursuant to § 12188(a)(2), "Injunctive relief. In the case of violations of sections 12182(b)(2)(A)(iv) and section 12183(a) of this title, injunctive relief shall

include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter. Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this subchapter."

36. Plaintiff seeks relief pursuant to remedies set forth in § 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the ADA.  He is a qualified disabled person for purposes of § 12188(a) of the ADA who is being subjected to discrimination based on disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may attempt to use the subject facilities.

WHEREFORE, Plaintiff requests relief as outlined below.

## SECOND CLAIM:
## VIOLATION OF UNRUH CIVIL RIGHTS ACT
### [Cal. Civil Code §§ 51 *et seq.*]

37. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in all paragraphs of this Complaint and incorporates them herein by reference as if separately repled hereafter.

38. The Unruh Civil Rights Act, California Civil Code 51(b), provides that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

39. Defendants are business establishments within the meaning of the Unruh Act. Defendants are the owners and operators of business establishments.

40. Defendants violated the Unruh Act by their acts and omissions, as follows:

    A. Failure to construct and/or alter the Restaurant in compliance with state building code and state architectural requirements;

    B. Failure to modify their policies and procedures as necessary to ensure Plaintiff full and equal access to its accommodations, advantages, facilities, privileges, or services at the Restaurant;

    C. Violation of the ADA, a violation of which is violation of the Unruh Act. Cal. Civil Code § 51(f).

41. Plaintiff has experienced numerous barriers to access at the Restaurant, all of which have caused him major difficulty, discomfort and embarrassment. Plaintiff suffered physical, mental and emotional damages, including statutory and compensatory damages, according to proof.

42. Further, on information and belief, the Restaurant and its premises are also illegally inaccessible in multiple other respects. The barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s), per the Ninth Circuit's standing standards under *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034 (9th Cir. 2008) and *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939 (9th Cir. 2011) (*en banc*). These barriers to access render the Restaurant and its premises inaccessible to and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays leave to

amend this Complaint to obtain full injunctive relief as to those barriers that limit or deny full and equal access to persons with similar mobility disabilities.

43. Further, each violation of the ADA (as pled in the First Claim, *supra*, the contents of which are repled and incorporated herein as if separately repled), also constitutes a separate and distinct violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code § 52(a).

44. With respect to Defendants' violations of the Unruh Act that are not predicated on violations of the ADA, Defendants' behavior was intentional: Defendants were aware of and/or were made aware of their duties to refrain from establishing discriminatory policies and barriers that prevent persons with mobility disabilities from obtaining full and equal access to their programs and facilities. Defendants' discriminatory practices and/or policies that deny full enjoyment of their facilities to persons with physical disabilities indicates actual and implied malice and conscious disregard for the rights of Plaintiff and other similarly disabled individuals. Accordingly, Defendants have engaged in willful affirmative misconduct in violating the Unruh Civil Rights Act.

45. On information and belief, the accessible features of the Restaurant have not been improved since Plaintiff's visit. Plaintiff's injuries are ongoing so long as Defendants do not modify the Restaurant and their policies and procedures to provide fully accessible facilities for Plaintiff and other persons with similar mobility disabilities.

46. At all times herein mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that their barriers, policies and practices at their facilities violated disabled access requirements and standards, and had a discriminatory impact upon Plaintiff and upon other persons with similar mobility disabilities, but Defendants have failed to rectify the violations, and presently continue a course of conduct in maintaining barriers that discriminate against Plaintiff and similarly situated disabled persons.

WHEREFORE, Plaintiff requests relief as outlined below.

## **PRAYER**

1. Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of Defendants as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff prays for judgment and the following specific relief against Defendants:

2. Issue a declaratory judgment that Defendants' actions, omissions, and failures, including but limited to: failing to construct and modify the premises in compliance with the law and failing to make reasonable accommodations and reasonable modifications for Plaintiff and other similarly situated disabled persons violate the rights

of Plaintiff and other similarly situated persons under 42 U.S.C. §§ 12101 *et seq.* and the regulations promulgated thereunder and California Civil Code §§ 51 *et seq.*

3. Issue an order enjoining Defendants, their agents, officials, employees, and all persons and entities acting in concert with it:

   a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

   b. To provide reasonable accommodation for persons with disabilities in all its programs, services and activities at the Restaurant;

   c. To ensure that persons with disabilities are not denied the benefits of, or participation in, programs, services, and activities at the Restaurant;

   d. To modify the above-described facilities and procedures to provide full and equal access to persons with mobility disabilities, including without limitation the removal of all barriers to access where "readily achievable";

   e. To maintain such accessible facilities and procedures once they are provided;

   f. To train Defendants' employees and agents in how to accommodate the rights and needs of physically disabled persons; and

   g. To implement nondiscriminating protocols, policies, and practices for accommodating persons with mobility disabilities.

4. Retain jurisdiction over Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and cannot recur;

5. Award to Plaintiff all appropriate damages, including but not limited to statutory, compensatory, and treble damages in an amount within the jurisdiction of the Court, all according to proof;

6. Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law, including but not limited to the ADA, 42 U.S.C. § 12205; the Unruh Civil Rights Act, California Civil Code § 52; and "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure § 1021.5.

7. Award prejudgment interest pursuant to California Civil Code § 3291;

8. Interest on monetary awards as permitted by law; and

9. Grant such other and further relief as this Court may deem just and proper.

Dated: December 19, 2019         PEIFFER WOLF CARR & KANE

                                 */s/ Catherine Cabalo*
                                 BY: CATHERINE CABALO, Esq.
                                 Attorneys for Plaintiff
                                 GERARDO HERNANDEZ

### DEMAND FOR JURY

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: December 19, 2019         PEIFFER WOLF CARR & KANE

                                 */s/ Catherine Cabalo*
                                 BY: CATHERINE CABALO, Esq.
                                 Attorneys for Plaintiff
                                 GERARDO HERNANDEZ